No. 1967
Second Circuit Appeal

## WILLIAM W. TODD v. POLICE JURY OF THE PARISH OF BIENVILLE

(March 30, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1.—Louisiana Digest—Roads, Bridges and Ferries—Par. 4; Damages—Par. 64.

Where a public road is illegally run through private property, the owner can recover not only for the land so taken but also for the timber taken and the damage to land remaining where such land is segregated from th balance of the farm by the road.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville, Hon. J. E. Reynolds, Judge.

This is a suit to recover damages sustained to land by illegally running a public road through it.

There was judgment for plaintiff and both plaintiff and defendant appealed.

Judgment increased and affirmed.

W. U. Richardson, of Arcadia, attorney for plaintiff, appellant.

W. D. Goff, of Arcadia, attorney for defendant, appellee.

ODOM, J. This is a suit against the parish of Bienville to recover $300.00 for a strip of land alleged to be 1000 feet long and 80 feet wide and an extension of said strip of about 300 feet long by 60 feet wide and containing, it is alleged, three acres, and the value of the timber thereon, and for $75.00 damage to other land.

The plaintiff alleges that the Police Jury of said parish appropriated this land for a publc road. He alleges that he owned SE¼ of SE¼ of Section 23 Township 18 North Range 3 West, situated in Bienville parish, Louisiana, and that without his permission and over his protest the Police Jury of said parish has caused to be built a public road diagonally across the said forty acres of land and has appropriated the three acres in said purpose, and the values the land at $50.00 per acre.

He further sets up that there was timber on the three acres of land appropriated for the roadway worth $75.00 and that about three acres of land is cut off from the main tract by the road and on account of its being segregated from the main tract this three acres is worth only $25.00 per acre, whereas it was worth $50.00 per acre before it was so cut off and segregated by the building of said public road, and that he has therefore been damaged $75.00 on that account. Making a total damage and loss sustained by him of $300.00, for which amount he asks judgment.

The Police Jury answered denying any indebtedness whatever to plaintiff and praying that the demands be rejected.

There was judgment in the lower court for plaintiff in the sum of $112.50 and interest at 5% from judicial demand, from which judgment plaintiff and defendant both appealed.

The plaintiff prosecutes this appeal for the purpose of having the amount of the judgment increased to the amount sued for.

It is not disputed that the Police Jury of Bienville parish caused a public road to be constructed across plaintiff's land without his permission and over his protest.

Section 3369 of the Revised Statutes prescribes the method to be pursued when new roads are to be opened by the Police Jury, but the method prescribed was not followed in this case. It appears that those in charge of the road building took possession of plaintiff's land, cleared the right of way and built the road over plaintiff's protest.

Defendant did not in oral argument nor does it in brief contend that the Police Jury is not liable for whatever loss or damage plaintiff sustained on account of the building of this road across his property.

Counsel in brief states the issues before the court to be as follows:

"The question presented for determination by the court is purely a question of fact, and resolves itself into a proposition of whether or not the plaintiff has made proof of his demands which would warrant the court in rendering judgment in his favor; and, if so, what amount is he entitled to recover under the testimony."

Plaintiff estimates the land taken for the roadway at three acres and values it at $50.00 per acre. He testified that the area taken for the roadway was approximately three acres. Mr. Hammer says the acreage would be "probably two or three acres". We find no other estimate in the record. However, we note that plaintiff sets out in his petition that the right of way taken is 80 feet wide for a distance of 1000 feet and 60 feet wide for an additional distance of about 300 feet. According to these figures, the amount of land taken for the roadway is two and one quarter acres. It is very probable, we think, that these figures are correct, or approximately so, and we shall adopt them in arriving at the acreage taken for the roadway.

Plaintiff says that the portion of land cut off from the main tract is three acres. This is not contradicted and counsel for defendant says in brief that this estimate is probably correct.

Plaintiff testifies that there were growing on the land taken for the roadway 44 gum trees, 6 of which were 36 inches in diameter at the stump; 67 pine trees, 6 to 10 inches in diameter at the stump, 6 oak trees, from 12 to 24 inches in diameter at the stump, and 33 oak trees from 6 to 8 inches in diameter at the stump; or 150 trees in all. He places a value of $75.00 on these trees.

Counsel for defendant calls attention to the fact that plaintiff testified he had sold the timber from this land. Plaintiff's testimony is that he sold the merchantable timber on the land in 1913 and that the purchaser did not cut it all but left some for logs. The fact that all the merchantable timber was removed from the land in 1913 by no means proves that there was no timber of value on the land nine years later.

There is no testimony in the record as to the value of the land and trees taken and the damages sustained on account of the segregating of the three acres from the main body of the land except that of plaintiff himself. He estimated the value of the trees at $75.00 and said the land cut off by the road was worth $25.00 per acre less than before the road was built. His testimony on the question of values and damages is not contradicted.

Defendant's counsel said in oral argument and says in brief that plaintiff fixed no value on the land taken for the roadway. It is true that he did not say, in so many words, that the land was worth $50.00 an acre, but in speaking about the three acres cut off from the main body of the land he said it is now worth $25.00 per acre against $50.00 per acre formerly. If this land was worth $50.00 per acre there is no reason to assume that the land adjoining it, taken for the road, was not also worth $50.00 per acre.

The testimony as a whole satisfies us that the land is well worth $50.00 per acre.

As above stated, plaintiff's testimony on all these points is uncontradicted, and we have nothing except his testimony to guide us in fixing the amount to be awarded him. Other witnesses were called, but none of them were specific as to value. Mr. Hamner testified that he thought his

estimate was reasonable, thereby corroborating plaintiff to that extent.

We think plaintiff should recover $50.00 per acre for two and one quarter acres taken for the highway, $75.00 for damage to the three acres of land cut off from the main body and $75.00 for his timber; making a total of $262.50.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows, to wit: It is therefore ordered, adjudged and decreed that plaintiff, William W. Todd, do have judgment against and recover from the Police Jury of the parish of Bienville the full sum of two hundred and sixty-two and 50-100 dollars, together with interest thereon at the rate of five per cent per annum from judicial demand, which demand was made on April 4, 1922, and all costs of this suit.